IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
IN ADMIRALTY

| | |
|---|---|
| CT/ST. JOHNS MARINA, LLC, | Civil Action No.: 2:21-cv-01960-BHH |
| Plaintiff, | |
| v. | **ORDER** |
| S/V SERAPHINA, her engines, bowsprits, anchors, cables, chains, rigging, tackle, apparel, sails, furniture and all accessories hereunto appertaining and belonging to her, *in rem*, | |
| Defendant. | |

This matter is before the Court upon Plaintiff's Motion for Interlocutory Sale of S/V Seraphina (Hull Identification Number NYA441210683) (U.S. Coast Guard Official Number 663065) (Australian Maritime Safety Authority Official Number 663065), which was filed on August 27, 2021.  In the motion, Plaintiff seeks an order directing that Defendant Vessel, S/V Seraphina (Hull Identification Number NYA441210683) (U.S. Coast Guard Official Number 663065), be sold via a United States Marshals Service sale.

After review, and in the absence of any response opposing Plaintiff's motion, the Court hereby grants the motion (ECF No. 18) and **ORDERS** that Defendant Vessel be sold as is, where is, by the United States Marshal, free and clear of all liens, claims, mortgages, and encumbrances. Further, pursuant to Supplemental Federal Admiralty Rule E(9)(b), the United States Marshal is

-1-

authorized and directed to sell Defendant Vessel, its bunkers, engine, tackle, etc., and to make all necessary preparation and arrangements in furtherance of such sale, with sale to be held at the federal courthouse or at the post office located at the corner of Meeting and Broad Streets in Charleston, South Carolina, or at some other location as agreed between the United States Marshals Service and the moving party, at public auction for cash to the highest bidder upon the following terms, at a time and date as agreed between the United States Marshals Service and the moving party:

(1)    **Notice.**  Notice of the sale shall be published twice by Plaintiff in <u>The Post and Courier</u> as follows: (1) at least ten calendar days before the date of the sale, setting forth the date, time, place, and terms of the sale; and (2) at least three calendar days before the date of the sale, setting forth the date, time, place, and terms of the sale.  No further publication of the sale shall be required.  Plaintiff's counsel shall file with the Court an affidavit of the publication of sale.  Plaintiff may provide notice of the sale in additional publications;

(2)    **Payment of Bid.**  A cash deposit or cashier's or certified check expressed in U.S. currency in an amount not less than ten percent (10%) of the bid shall be paid at the time the bid is accepted.  The remaining balance of the purchase price shall be paid in cash, by certified check, or by cashier's check drawn on banks insured by the Federal Deposit Insurance Company or the Federal Savings and Loan Insurance Corporation within three days, including weekend days, after the day on which the bid was accepted, unless an objection to the sale is filed within this three-day period. If an objection is so filed, the bidder(s) is excused from paying the balance of the purchase price until three days after the sale is confirmed by the Court.  All cash proceeds from the sale of the Vessel shall be deposited by the United States Marshals Service into the registry of the Court pending either agreement of the parties, or adjudication by the Court on how to disperse said funds;

(3)     **Cancellation.**  At least twenty-four hours prior to the date of the interlocutory sale, the interlocutory sale may be cancelled by agreement of the parties to this action;

(4)     **Disruptive Conduct.**  Any person disrupting the sale or violating the terms of this order shall be subject to sanctions of this Court, and the United States Marshal shall be entitled to qualify potential bidders as possessing the financial ability to deliver to the United States Marshal the full amount of their bid;

(5)     **Minimum Bid.**  Any sale of the Vessel shall be for the minimum bid of $11,250.00.

(6)     **Default.**  If the successful bidder does not pay the balance of the purchase price within the time allowed, the bidder shall be in default.  In such a case, the judicial officer may accept the second highest bid or arrange a new sale.  The defaulting bidder's deposit shall be forfeited and applied to any additional costs incurred by the United States Marshal because of the default, the balance being retained in the registry of the Court awaiting its order;

(7)     **Report of Sale by United States Marshal.**  At the conclusion of the sale, the United States Marshal shall forthwith file a written report with the Court of the fact of sale, the date, the price obtained, the name and address of the successful bidder, and any other pertinent information. All expenses of maintenance, preservation, insurance, publications, and any other expenses necessarily incurred by the United States Marshal or Plaintiff for the preservation of the Vessel pending sale, including, but not limited to, United States Marshal deposits and/or charges for wharfage, electricity, substitute custodian charges, advertising charges through the date of confirmation of the sale, shall be deemed to be *custodia legis* expenses and shall be paid before any liens and superior to all other claims, charges, costs, and liens against the Vessel and shall be deducted from and paid out of the proceeds of said auction sale, with the balance remaining to be

deposited into the registry of this Court to stand in place of the Vessel pending further disposition of this action;

(8)     **Time and Procedure for Objection to Sale.**  An interested person may object to the sale by filing a written objection with the Clerk within three days following the sale, serving the objection on all parties of record, the successful bidder, and the United States Marshal, and depositing such sum with the Marshal as determined by him to be sufficient to pay the expense of keeping the property for at least fourteen days.  Payment to the Marshal shall be in cash, certified check, or cashier's check drawn on banks insured by the Federal Deposit Insurance Corporation or the Federal Savings and Loan Insurance Corporation;

(9)     **Disposition of Deposits.**

i.     Objection Sustained.  The sum deposited by the objector will be applied to pay the fees and expenses incurred by Plaintiff or the United States Marshal in keeping the property until it is resold, and any balance remaining shall be returned to the objector.  If an objection is sustained, the United States Marshal shall immediately return any remaining sums deposited by the successful bidder.

ii.     Objection Overruled.  If the objection is overruled, the sum deposited by the objector will be applied to pay the expense of keeping the property from the day the objection was filed until the day the sale is confirmed, and any balance remaining will be returned to the objector forthwith;

(10) Location of Vessel After Sale Is Confirmed.  Prior to this Court confirming the sale of the Vessel by the United States Marshals Service, the successful bidder must make arrangements with Plaintiff to store the Vessel at St. Johns Marina or to tow the Vessel away from St. Johns Marina within two days of the sale being confirmed by the Court.  In the event that the successful

-4-

bidder decides to tow the Vessel away from St. Johns Marina, then the successful bidder must provide Plaintiff with a reasonable and safe plan to tow the Vessel away from St. Johns Marina and information about who is going to tow the Vessel away from St. Johns Marina, and must pay St. Johns Marina dockage at a rate $75.00 per day from the date of the sale being confirmed until the Vessel is moved away from St. Johns Marina.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
UNITED STATES DISTRICT JUDGE

September 22, 2021
Charleston, South Carolina